IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

HEATHER NIXON

      Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

      Defendant.

---

## NOTICE OF REMOVAL

The Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado.

1.      On June 29, 2026, Allstate was served with Plaintiff's Complaint filed in the District Court, Arapahoe County, State of Colorado, captioned, *Heather Nixon v. Allstate Vehicle and Property Insurance Company*, case number 2026CV31710. (A copy of the Complaint is attached hereto as **Exhibit A**.)

2.      At all relevant times, Plaintiff was a resident and citizen of the State of Colorado. (*See*, ¶ 1, **Exhibit A**).

3.      A copy of the Civil Case Cover Sheet which was served on Allstate is attached hereto as **Exhibit B.**

-1-

4.      At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois (*See*, ¶ 2, **Exhibit A**). Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.  *See Grynberg v. Kinder Morgan Energy Partners*, L.P., 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

5.      Plaintiff's claim is for an alleged breach of contract action against Allstate for the alleged failure to adequately cover the repair costs to a home following a hailstorm. (*See*, ¶¶ 15-16 and 26-40, **Exhibit A**). Plaintiff also asserted claims of unreasonable delay under C.R.S. §§10-3-1115 and 1116. Plaintiff alleges that Allstate unreasonably delayed the payment of benefits. (*See*, ¶¶ 48-54, **Exhibit A**). Plaintiff also asserted a common law bad faith claim. (*See*, ¶¶ 41-47, **Exhibit A**).

6.      Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction.  *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

7.      Plaintiff's Civil Case Cover Sheet states that they seek a monetary judgment for more than $100,000.00 against another party, including any penalties or punitive damages, but excluding attorney fees, interest, and costs. (**Exhibit B**.)  The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000.  *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

8.      Additionally, Plaintiff submitted an estimate for the roof repair which totaled $82,485.69. (*See*, ¶ 30, **Exhibit A**). AAA's estimate was for $5,099.74. (*See*, ¶ 24, **Exhibit A**). This is a difference of $77,385.95. Even without applying the claimed penalty under C.R.S. § 10-3-1116, the total sought exceeds the $75,000 threshold.

9.      Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves she is at least entitled to an additional $77,385.95 under the AAA policy and proves that those benefits were unreasonably delayed, she is entitled to collect that amount under the policy plus two times the covered benefit, plus attorney fees.  Including the attorney's fees, Plaintiff's alleged minimum recovery exceeds $75,000.

10.     Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

11.     Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

12. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . ."

13. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is no forum defendant who has been properly joined and properly served and the parties are residents of different states.

14. Since Plaintiffs' Complaint was served on June 13, 2024, the time period for allowance of removal has not expired.

15. Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders" are attached hereto.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Denver County District Court to the United States District Court of Colorado.

DATED: July 29, 2026

Respectfully submitted,

By: *s/ Justin H. Zouski*
   Justin H. Zouski
   TUCKER HOLMES, P.C.
   9200 E. Mineral Avenue, Suite 330
   Centennial, CO 80112-3415
   Phone: (303) 694-9300
   Fax: (303) 694-9370
   E-mail: jhz@tucker-holmes.com
   *Attorneys for Allstate*

-4-

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Heather Hall Melaas
Daly & Black PC
hmelaas@dalyblack.com

*The duly signed original held in the file located at Tucker Holmes, P.C.*

   */s/ Justin H. Zouski*
Justin H. Zouski